RAVENNA PUBLIC SCHOOLS DISTRICT No. 24 *v.*
BIG SPRINGS SCHOOL DISTRICT 6F

SCHOOLS AND SCHOOL DISTRICTS—TUITION AGREEMENT—TERMINATION
OF AGREEMENT—DUTY TO PAY TUITION.

The interests of a school district not operating a high school itself but sending students to outside high schools to which it pays tuition and of the school children themselves must be balanced; therefore when the school district ends a tuition agreement with one high school and begins an agreement with another, the burden should be on the paying district to show a compelling reason why students already in the former high school should not be permitted to remain there with the paying district paying their tuition, and the burden should be on those opposing the paying district to show compelling reasons why students not yet in high school should not be required to attend the school designated by the paying district.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 February 10, 1969, at Grand Rapids. (Docket No. 5,724.) Decided April 22, 1969.

Complaint by Ravenna Public Schools District No. 24 against Big Springs School District 6F to recover tuition due for education of defendant's high school age students. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Tom H. Linck,* for plaintiff.

*Scholten & Fant,* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur, Schools § 154.

BEFORE: Levin, P. J., and Holbrook and Dan-
hof, JJ.

Per Curiam. The plaintiff school district pro-
vides classes through the twelfth grade. The de-
fendant school district does not provide classes be-
yond the eighth grade.

The defendant entered into an arrangement with
the plaintiff for the education of the defendant's
students beyond the eighth grade; the arrangement
terminated at the end of the 1962–1963 school year.

Thereupon, the defendant entered into another
arrangement with another school district for the
high school education of the defendant's students
for the school year 1963–1964, but students residing
in the defendant's district who had attended the
plaintiff's high school before 1963–1964 and other
students residing in the defendant's district who de-
sired to attend the plaintiff's high school were per-
mitted by the plaintiff to do so.

This action was brought to recover the tuition
and transportation costs of those students residing
in the defendant's district who were educated in
plaintiff's high school in the years 1963–1964, 1964–
1965 and 1965–1966.

The parties have referred us to § 761 of the school
code of 1955 (MCLA § 340.761 [Stat Ann 1968 Rev
§ 15.3761]) which in relevant part provides:

"The board of any district which does not main-
tain grades above the eighth shall pay the tuition
of any children of school age, resident of said dis-
trict, who have completed the studies of the 8 grades,
to any school district maintaining a high school
which is approved for the collection of high school
tuition by the superintendent of public instruction;
the board of any district which maintains grades
above the eighth which are not approved for the col-

lection of tuition by the superintendent of public instruction may pay the tuition of any children of school age, resident of said district, eligible to attend in those grades not approved, to any district approved for the collection of tuition by the superintendent of public instruction for the grade attended. The board shall pay the expense of daily transportation during school days of children attending high school in another district or districts."

The plaintiff contends that under this statute a school district, such as the defendant, that does not operate a high school has no choice but to pay tuition and transportation costs to any district operating an approved high school which in fact provides high school education for the children residing in the no-high-school district. In reply, the defendant asserts that it should not be denied such economies in tuition and transportation costs as can be effected by sending all its high school students to a high school which it, the paying district, selects.

The words of the statute do not compel either result. Nor do we think we can formulate a rule that will sensibly and adequately provide for all the varying factual situations that may be expected to arise. A paying school district may be justified in attempting to arrange high school education for its children in the most economical manner. However, once a child enters a high school his education is under the supervision of the high school he attends. We can understand that the parents of a child who has begun his education in a particular high school would want that child and younger children in the same family as they reach high school age to pursue their education in that high school. There may be other valid reasons for a student from a paying district attending a high school other than the one selected by the paying district.

The interests of the child and of the paying school district need to be balanced and, if possible, reconciled. In this case the trial court made no effort to appraise and balance these considerations.

We think that once a child has been admitted to a high school the burden of showing a compelling reason justifying a requirement of the paying school district that he transfer to another high school should be placed upon the paying district. On the other hand, where a school district has designated a proper high school for its children and a child thereafter enters another high school the burden of justifying the action taken in opposition to the paying district's directive should be upon those who oppose the paying district.

Reversed and remanded for trial. Costs to abide the event.